AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico
Mitchell R. Elfers
Clerk of Court

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 505-795-2826.

Case No.   22-MR-62

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference).

located in the _____ District of ___New Mexico___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute a controlled substance |
| 21 U.S.C. § 846 | Conspiracy |
| 18 U.S.C. § 924(c)(1)(A)(i) | Possessing a firearm in furtherance of a drug trafficking crime |

The application is based on these facts:
See the attached affidavit of FBI Special Agent Samuel Hartman, which is incorporated by reference and has been reviewed by AUSA Lou Mattei.

- ☒ Continued on the attached sheet.
- ☒ Delayed notice of __60__ days *(give exact ending date if more than 30 days:* __04/13/2022__ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Samuel Hartman, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __Telephonically sworn and electronically signed__ *(specify reliable electronic means)*.

Date: January 13, 2022

*Judge's signature*

City and state: Albuquerque, New Mexico

Honorable Jerry H. Ritter, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 505-795-2826. | Case No. _____<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Samuel Hartman, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 505-795-2826, subscribed to Artemio Lopez at 16B Camino Trujillo, Santa Fe, New Mexico, and utilized by Werni Lopez-PEREZ (the "Target Cell Phone"), whose service provider is T-Mobile U.S., Inc. (T-Mobile), a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the government is concurrently seeking a separate order that complies with the requirements of the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127.

3. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since April 2009. I am currently assigned to the Albuquerque Field Office to investigate violations of federal law, including Titles 18 and 21 of the United States Code. My experience

as a Special Agent includes but is not limited to: writing affidavits for and executing search and seizure warrants for cell phone location data (both historical and real-time), pen registers/trap and trace device, and reviewing the data returned from such searches for evidence. I have also spoken with other law enforcement officers with expertise and experience in this area.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that Lopez-PEREZ has violated the following criminal statutes: 21 U.S.C. § 846, that being conspiracy; 21 U.S.C. § 841(a)(1), that being possession with intent to distribute fentanyl and methamphetamine; and 18 U.S.C. § 924(c)(1)(A)(i), that being possessing a firearm in furtherance of a drug trafficking crime. On January 11, 2022, a federal grand jury returned an indictment charging Lopez-PEREZ with these crimes, and he is presently the subject of an arrest warrant issued on the same date related to that indictment. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Lopez-PEREZ, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offenses being investigated, see 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. The United States, including the FBI, is conducting a criminal investigation of Werni Lopez-PEREZ, and others, regarding violations of 21 U.S.C. § 846, that being conspiracy; 21 U.S.C. § 841(a)(1), that being possession with intent to distribute fentanyl and methamphetamine; and 18 U.S.C. § 924(c)(1)(A)(i), that being possessing a firearm in furtherance of a drug trafficking crime.

### Indictment and Arrest Warrant

8. On January 11, 2022, a federal grand jury returned a four-count indictment charging Lopez-PEREZ and a coconspirator, Mario Guizar-ANCHONDO, with the following crimes: 21 U.S.C. § 846, that being conspiracy; 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), that being possession with intent to distribute 400 grams and more of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), and 18 U.S.C. § 2, that being aiding and abetting; 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), that being possession with intent to distribute 500 grams and more of a mixture and substance containing methamphetamine, and 18 U.S.C. § 2, that being aiding and abetting; and 18 U.S.C. § 924(c)(1)(A)(i), that being possessing a firearm in furtherance of a drug trafficking crime, and 18 U.S.C. § 2, that being aiding and abetting. The matter has been assigned case number 22-CR-44-JB and remains under seal at this time.

9. On the same date, the United States District Court for the District of New Mexico issued an arrest warrant authorizing law enforcement to arrest Lopez-PEREZ in connection with the indictment described above. As such, Lopez-PEREZ is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## Lopez-PEREZ and the Target Cell Phone

10. On January 9, 2022, a caller who identified himself as "Romario Lopez" contacted a Santa Fe Police Department (SFPD) officer in reference to a truck that SFPD had seized from Lopez-PEREZ and Guizar-ANCHONDO on December 30, 2021. The caller left a voicemail stating that he was one of the owners of the truck and stated he wanted to retrieve some personal documents and belongings from the truck. The callback number he provided is the number of the Target Cell Phone—505-795-2826.

11. On January 11, 2022, the same caller, again identifying himself as "Romario Lopez," left another voicemail for the SFPD officer. The caller stated he was trying to get "his things and vehicle back." The caller asked the officer to return his call, indicating he was using the same number he used two days prior—which, again, was the number for the Target Cell Phone. Later that day, a SFPD segreant called the Target Cell Phone back and spoke with someone who identified himself as "Mr. Lopez" regarding the truck and the personal belongings he wanted to retrieve from the truck.

12. The investigation has revealed that Lopez-PEREZ sometimes uses the name "Romario Lopez" as an alias. For example, Lopez-PEREZ provided this alias to SFPD officers during an encounter on December 4, 2021. Similarly, he provided this alias to SFPD officers during a different investigation in June 2021. On both occasions, the individual in question was eventually identified, despite the alias, as Lopez-PEREZ.

13. The Target Cell Phone is subscribed to Artemio Lopez at 16B Camino Trujillo, Santa Fe, New Mexico. Based on my training and experience, I know it is common for drug traffickers to use aliases and/or straw subscribers for their cell phones in order to conceal their true identities from law enforcement.

14. Based on these facts, I believe Lopez-PEREZ is the current user of the Target Cell Phone. I also believe there is probable cause that the location information sought in this warrant will assist law enforcement in arresting Lopez-PEREZ, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

### **Information about T-Mobile**

15. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

16. Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to

5

determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available.

17. Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

18. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

19. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 60 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not

authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

20. I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile. I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

21. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

22. The affidavit has been reviewed and approved by AUSA Lou Mattei.

Respectfully submitted,

_____
Samuel Hartman
Special Agent
Federal Bureau of Investigation

Telephonically sworn and electronically submitted
On January 13, 2022.

_____
HONORABLE JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

8

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number 505-795-2826, subscribed to Artemio Lopez at 16B Camino Trujillo, Santa Fe, New Mexico and utilized by Werni R. Lopez-PEREZ (the Target Cell Phone), whose wireless service provider is T-Mobile U.S., Inc. (T-Mobile), a company headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of T-Mobile, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

## Particular Things to be Seized

### I. Information to be Disclosed by the Provider

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that will assist in arresting Werni Lopez-PEREZ, who was charged with violating 21 U.S.C. § 846, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 18 U.S.C. § 924(c)(1)(A)(i), and 18 U.S.C. § 2 on January 11, 2022; is the subject of an arrest warrant issued on January 11, 2022; and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.